DILLINGHAM & MURPHY, LLP
DENNIS J. KELLY (SBN 191414)
DAVID P. ARMANINI (SBN 259422)
353 Sacramento Street, Suite 2000
San Francisco, California 94111
Telephone:    (415) 397-2700
Facsimile:    (415) 397-3300
djk@dillinghammurphy.com
dpa@dillinghammurphy.com

Attorneys for Defendant
INTERO REAL ESTATE SERVICES, INC.
AND DANIEL MOSKOWITZ

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### (SAN JOSE DIVISION)

| | |
|---|---|
| JOHN FUNG, and LYNETTE MASON<br><br>Plaintiff,<br><br>v.<br><br>PATRICE JOHNSON RAY a/k/a PATRICE JOHNSON, DANIEL MOSKOWITZ, INTERO REAL ESTATE SERVICES, INC., and DOES 1-10.<br><br>Defendants. | Case No. 5:15-CV-04871-HRL<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS INTERO REAL ESTATE SERVICES, INC. AND DANIEL MOSKOWITZ'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**<br><br>Date: January 19, 2016<br>Time: 10:00 A.M.<br>Dept.: Courtroom 2 - 5th Floor<br>Judge: Magistrate Judge Howard R. Lloyd |

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................1

II.  STATEMENT OF FACTS ....................................................................................1

III. ARGUMENT ........................................................................................................2

       A.    Plaintiffs' First Three Causes of Action Are Barred by Statute ............................3

       B.    The Absence of a Properly Pled Constitutional Violation Nullifies Plaintiff's Fourth Cause of Action for Conspiracy to Violate Civil Rights ............................4

       C.    Plaintiffs Have Not Sufficiently Pled Their Fifth Cause of Action for Violation of the California Disabled Person's Act ................................................................5

       D.    Plaintiffs Sixth Cause of Action for Violation of the California Unruh Act Does Not Apply to the Moving Defendants .......................................................................5

       E.    The Complaint Shows That Plaintiffs' Seventh Through Eleventh Causes of Action Do Not Apply to the Moving Defendants .................................................6

       F.    Plaintiffs Fail to Sufficiently Plead the Thirteenth Cause of Action for Violations of the Unfair Competition Act ..............................................................7

       G.    Plaintiffs Fail to Sufficiently Plead The Fourteenth Cause of Action for Intentional Infliction of Emotional Distress .........................................................8

       H.    Plaintiffs Fail to Sufficiently Plead the Fifteenth Cause of Action for Intentional Misrepresentation (Fraud) .....................................................................9

       I.    Plaintiffs Fail to Sufficiently Plead the Seventeenth Cause of Action for Negligence ............................................................................................................10

       J.    Plaintiffs Fail to Sufficiently Plead the Eighteenth Cause of Action for Negligent Infliction of Emotional Distress ...........................................................11

       K.    Plaintiffs Fail to Sufficiently Plead the Nineteenth Cause of Action for Conversion ............................................................................................................11

IV. CONCLUSION ...................................................................................................12

1

**Cases**

2

*Agarwal v. Johnson* (1979) 25 Cal.3d 932 ............................................................... 8

3

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 ........................................................................ 3

4

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 ........................................ 2

5

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 ........................................... 3

6

*Bikkina v. Mahadevan* (2015) 241 Cal.App.4th 70 ............................................... 8

7

California Civil Code section 54.1(b)(1) ................................................................ 5

8

*Cassettari v. Nev. County*, 824 F.2d 735 ............................................................... 4

9

*Harris v. Mothers Against Drunk Driving*, (1995) Cal.App.4th 16 ....................... 6

10

*Huggins v. Longs Drug Stores California, Inc.* (1993) 6 Cal.4th 124 ..................... 11

11

*Inland Mediation Board, et al, v. City of Pomona, et al.*, 158 F. Supp. 2d 1120 ................ 4, 5, 6

12

*Katzman v. Los Angeles County Metropolitan Transportation Authority*, 72 F. Supp. 3d 1091 . 4

13

*Kearns v. Ford Motor Co.*, 567 F. 3d 1120 ........................................................... 9

*Knapps v. City of Oakland*, 647 F. Supp. 2d 1129 ................................................ 10

14

*Lacey v. Maricopa County*, 693 F.3d 896 ............................................................. 4

15

*Ladd v. County of San Mateo*, (1996) 12 Cal.4th 913 .......................................... 10

16

*Lee v. Hanley* (2015) 61 Cal.4th 1225 .................................................................. 11

17

*Lovejoy v. AT&T Corp.*, 92 Cal.App.4th 85 ......................................................... 9

18

*Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc.* (1989) 48 Cal.3d 583 ...................... 11

19

*Navarro v. Block*, 250 F.3d 729 ........................................................................... 2

20

*O'Connor v. Village Green Owners Associations* (1983) Cal.3d 790 ..................... 6

21

*Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074 ..................................................... 9

22

*Warren v. Marcus*, 78 F. Supp. 3d 1228 ............................................................... 10

23

*Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202 .............................. 11

24

*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563 ..................................................... 8

**Statutes**

25

42 U.S.C. §§ 3601-3617 ......................................................................................... 5

26

42 U.S.C. § 1985(3) ............................................................................................... 5

27

42 U.S.C.A. section 3603(b)(2) .............................................................................. 7

28

California Business and Professions Code §§ 17200-17210 ..................................................... 6, 11

California Civil Code § 1940.2 ..................................................... 6, 11

California Civil Code § 1927 ..................................................... 6, 10

California Civil Code § 1950.5 ..................................................... 6, 11

California Civil Code § 51 ..................................................... 6, 9

California Civil Code § 789.3(b) ..................................................... 6, 11

California Civil Code §§ 54-55.2 ..................................................... 5

California Government Code §§ 12955-12955.8 ..................................................... 5

California Government Code section 12927(c)(2)(a) ..................................................... 7

California Government Code Section 12955 ..................................................... 7, 8

FRCP Rule 12(b)(6) ..................................................... 6, 16

FRCP Rule 8(a)(2) ..................................................... 6, 12

FRCP Rule 9(b) ..................................................... 13, 14

## I.  INTRODUCTION

Not one of plaintiffs John Fung and Lynette Mason's ("Plaintiffs") causes of action state a claim upon which relief can be granted as to defendants Intero Real Estate Services, Inc. and Daniel Moskowitz ("Defendants").  While several causes of action are barred by law, the aggregate facts alleged fail to support any cognizable legal theory for any of the alleged claims. Accordingly, the Complaint must be dismissed in its entirety as to the moving defendants.

## II.  STATEMENT OF FACTS

Plaintiffs filed their Complaint on October 22, 2015 against defendants, Patrice Johnson Ray a/k/a Patrice Johnson, Intero Real Estate Services, Inc. ("Intero") and Daniel Moskowitz. (Plaintiff's Complaint ("Complaint"), Docket 1.)  All causes of action stem from plaintiffs' tenancy in a residential home.  As admitted in the Complaint, defendant Patrice Johnson Ray owned the subject property at 7132 Via Carmela, San Jose, California, which she leased to plaintiffs on or about April 16, 2015.  (Complaint, ¶ 7 and ¶ 25).  Ms. Ray later retained defendants/real estate agents, Intero and Mr. Moskowitz to sell the home.  (Complaint, ¶¶ 8-9, ¶ 36.)  Plaintiffs admit Intero and Mr. Moskowitz are in the real estate sales business and did not own the subject property.  (Complaint, ¶¶ 7-9, 36.)

Plaintiffs allege the following seventeen of nineteen causes of action against defendants Intero and Mr. Moskowitz:

1.  The first cause of action for Violation of the Federal Fair Housing Amendments Act (42 U.S.C.  §§ 3601-3617);

2.  The second cause of action for Violation of the California Fair Employment and Housing Act (California Government Code §§ 12955-12955.8);

3.  The third cause of action for Violation of the California Fair Employment and Housing Act (California Government Code §§ 12955-12955.8);

4.  The fourth cause of action for Conspiracy to Violate Civil Rights (42 U.S.C. § 1985(3));

5.  The fifth cause of action for Violation of the California Disabled Person's Act (California Civil Code §§ 54-55.2);

6.  The sixth cause of action for Violation of the California Unruh Act (California Civil

1    Code § 51);

2    7.  The seventh cause of action Wrongful Eviction and Breach of Quiet Enjoyment

3        (California Civil Code § 1927);

4    8.  The eighth cause of action for Breach of Covenant of Good Faith and Fair Dealing;

5    9.  The ninth cause of action for Violation of the Security Deposit Law (California Civil

6        Code § 1950.5);

7    10. The tenth cause of action for Tenant Harassment in Violation of California Civil Code

8        § 1940.2;

9    11. The eleventh cause of action for Wrongful Eviction (California Civil Code § 789.3(b));

10   12. The thirteenth cause of action for Violation of the Unfair competition Act (California

11       Business and Professions Code §§ 17200-17210);

12   13. The fourteenth cause of action for Intentional Infliction of Emotional Distress;

13   14. The fifteenth cause of action for Intentional Misrepresentation (Fraud);

14   15. The seventeenth cause of action for Negligence;

15   16. The eighteenth cause of action for Negligent Infliction of Emotional Distress; and

16   17. The nineteenth cause of action for Conversion.

17       Defendants Intero and Mr. Moskowitz now move to dismiss each of the seventeen

18   causes of action on grounds some are barred by statute, while all fail to articulate the minimum

19   requirements for pleading a legal theory supporting relief.

20   **III.   <u>ARGUMENT</u>**

21       A Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) motion to dismiss for failure

22   to state a claim upon which relief can be granted, tests the legal sufficiency of claims. *Navarro*

23   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Courts may dismiss claims that lack sufficient facts

24   to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696,

25   699 (9th Cir. 1990).

26       FRCP Rule 8(a)(2) requires a Complaint to contain "a short and plain statement of the

27   claim showing that the pleader is entitled to relief." The United States Supreme Court has

28   expanded on this requirement. A complaint must include enough information to "state a claim

1  to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell*

2  *Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007).  Claims are plausible on their face

3  where a plaintiff "pleads factual content that allows the court to draw the reasonable inference

4  that the defendant is liable for the misconduct alleged." *Id.*

5

6  ### A.  Plaintiffs' First Three Causes of Action Are Barred by Statute

7  42 U.S.C.A. section 3603(b)(2) expressly exempts federal housing discrimination

8  claims for "rooms or units in dwellings containing living quarters occupied or intended to be

9  occupied by no more than four families living independently of each other, if the owner

10  actually maintains and occupies one of such living quarters as his residence."

11  California Government Code section 12927(c)(2)(a) expressly excludes housing

12  discrimination claims under the following scenario:

13

14  Refusal to rent or lease a portion of an owner-occupied single-family house to a
person as a roomer or boarder living within the household, provided that no
more than one roomer or boarder is to live within the household, and the owner

15  complies with subdivision (c) of Section 12955, which prohibits discriminatory
notices, statements, and advertisements.

16

17  Subdivision (c) of Government Code Section 12955 states that following actions

18  are unlawful:

19  For any person to make, print, or publish, or cause to be made, printed, or
published any notice, statement, or advertisement, with respect to the sale or
rental of a housing accommodation that indicates any preference, limitation, or

20  discrimination based on race, color, religion, sex, gender, gender identity,
gender expression, sexual orientation, marital status, national origin, ancestry,

21  familial status, source of income, disability, or genetic information or an
intention to make that preference, limitation, or discrimination.

22

23  The facts of the Complaint show both the federal and state exemptions apply.  The

24  allegations involve an owner occupied single-family home. (Complaint, ¶14 and ¶34.)  The

25  Complaint fails to allege more than four families lived on the premises simultaneously during

26  the relevant time period.  At best the allegations vaguely suggest that the individual plaintiffs

27  lived on the premises at the same time as defendant Patrice Ray and that others may have lived

28  there at some unspecified time. (Complaint, ¶34.)  Plaintiffs do not allege a refusal to rent.

1    Rather, they actually admit they rented the subject property from Ms. Ray.  (Complaint, ¶¶25-
2    27.)  The Complaint fails to allege that defendants Intero and Mr. Moskowitz refused to rent the
3    subject property to plaintiffs.  Plaintiffs admit defendants became involved with the subject
4    property after plaintiffs signed a lease with Ms. Ray.  (Complaint, ¶25 and ¶36.)  Further,
5    plaintiffs admit Intero and Mr. Moskowitz were not lessors, but were real estate agents.
6    (Complaint, ¶8 and ¶36.)

7        Plaintiffs fail to plead any facts alleging defendants issued any discriminatory notices,
8    statements or advertisements to support the first three causes of action.  (Complaint, pgs. 14-
9    16.)  Plaintiffs allege Mr. Moskowitz called Mr. Fung "crazy," but admit this statement was
10   made to Mr. Fung's attorney during lease negotiations, not to any member of the general
11   public.  (Complaint, pg. 10, ¶49.)  Courts have held section 12955(c) claims to be viable only
12   where the statements are alleged to have been made to broader groups.  *Inland Mediation*
13   *Board, et al, v. City of Pomona, et al.*, 158 F. Supp. 2d 1120, 1132 (C.D. Cal. 2001)  [housing
14   organization director's discriminatory comments regarding African Americans were considered
15   published after being made at a housing organization meeting.]

16       Plaintiffs Complaint lacks the critical allegations that defendants Intero and Mr.
17   Moskowitz refused to rent property to the plaintiffs and published discriminatory statements.
18   These omissions are fatal to the first three causes of action against these defendants.

19

20       **B.  The Absence of a Properly Pled Constitutional Violation Nullifies Plaintiff's**
         **Fourth Cause of Action for Conspiracy to Violate Civil Rights**

21       As this Court has previously explained, conspiracy to violate civil rights is not itself a
22   tort, so it "must always have an underlying constitutional violation."  *Katzman v. Los Angeles*
23   *County Metropolitan Transportation Authority,* 72 F. Supp. 3d 1091, 1107 (N.D. Cal. 2014)
24   citing *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (citing *Cassettari v. Nev.*
25   *County*, 824 F.2d 735, 739 (9th Cir. 1987)).  The foregoing section outlines the absence of any
26   properly pled constitutional violation claim against defendants Intero and Mr. Moskowitz.
27   Accordingly, the fourth cause of action cannot be maintained by itself against these defendants.
28   //

### C. Plaintiffs Have Not Sufficiently Pled Their Fifth Cause of Action for Violation of the California Disabled Person's Act

Civil Code section 54.1(b)(1) provides those with disabilities "shall be entitled to full and equal access, as other members of the general public, to all housing accommodations offered for rent, lease, or compensation in this state…"

But plaintiffs do not allege that defendants Intero and Mr. Moskowitz ever offered to rent or lease the subject premises to anyone. Defendants became involved with the subject property after plaintiffs signed a lease with Ms. Ray, who was the owner and lessor of the property. (Complaint, ¶25 and ¶36.) The Complaint acknowledges that Intero and Mr. Moskowitz were not lessors, but real estate agents. (Complaint, ¶8 and ¶36.) Accordingly, this cause of action cannot proceed against these defendants.

### D. Plaintiffs Sixth Cause of Action for Violation of the California Unruh Act Does Not Apply to the Moving Defendants

California's Unruh Act, codified in Civil Code section 51, provides all people, regardless of sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status or sexual orientation " full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." The Unruh Act only applies in cases involving alleged discrimination from a business establishment. *Inland Mediation Board, et al, v. City of Pomona, et al.*, 158 F. Supp. 2d 1120, 1151 (C.D. Cal. 2001).

Factors in determining whether an organization constitutes a business under this statute include:

(1) What, if any, business benefits one may derive from membership;

(2) The number and nature of paid staff;

(3) Whether the organization has physical facilities;

(4) What are the purposes and activities of the organization;

(5) The extent to which the organization is open to the public;

(6) Whether there are any fees or dues for participation or membership; and

(7) The nature of the organization's structure.

1    *Id.* citing *Harris v. Mothers Against Drunk Driving*, (1995) Cal.App.4[th] 16, 46.

2    The California Supreme Court has held that a condominium homeowners' association

3    qualifies as a business establishment since it has a board of directors, employs property

4    management, maintains common areas, collects dues, and enforces rules. *O'Connor v. Village*

5    *Green Owners Associations* (1983) Cal.3d 790. However, other homeowners associations have

6    been found not to qualify as businesses under this statute. In *Inland Mediation Board, et al, v.*

7    *City of Pomona, et al.*, a homeowners association was found not to be a business though it had

8    a director, it never had a board of directors to exercise the business practices such as those of a

9    condominium association. 158 F. Supp. 2d 1120, 1152 (C.D. Cal. 2001).

10    The allegations in the present matter fail even more so to establish an Unruh Act

11    violation. Plaintiffs' assert their claims derive from their rights of access to a single rental

12    property, not a business organization. (Complaint, pg. 2, lines 16-20.) They admit the alleged

13    civil rights violations stem from a single residence that was privately-owned by one individual,

14    Ms. Ray. (Complaint, ¶7.) The are no allegations that the home is a business organization;

15    whether it has staff or other physical facilities; whether public business activity is involved; and

16    whether there is membership or a business structure. Even if this was a viable claim, it would

17    be against Patrice Ray, not the moving defendants.

18

19    **E. The Complaint Shows That Plaintiffs' Seventh Through Eleventh Causes of Action Do Not Apply to the Moving Defendants**

20    As explained in the Complaint, Defendants Intero and Mr. Moskowitz were recruited to

21    help sell, not rent the subject property. (Complaint, ¶25 and ¶36.) They were not and are not

22    alleged to have negotiated the lease that brought the plaintiffs to the premises. Accordingly,

23    the seventh through eleventh causes of action fail to allege any theory of liability against the

24    moving defendants.

25    Plaintiff's seventh cause of action for wrongful eviction and breach of quiet enjoyment

26    is based on Civil Code section 1927, which states:

27

28          An agreement to let upon hire binds the letter to secure to the hirer the
      quiet possession of the thing hired during the term of the hiring, against
      all persons lawfully claiming the same.

1    Plaintiff's eighth cause of action is for breach of the covenant of good faith and fair

2    dealing which they allege is implied in the lease agreement with defendant Ms. Ray.

3    (Complaint, ¶111.)

4    Plaintiff's ninth cause of action for violation of the Security Deposit Law is based on

5    Civil Code section 1950.5 which specifically "applies to *security for a rental agreement* for

6    residential property that is used as the dwelling of the tenant.' (Emphasis added.)

7    Plaintiff's tenth cause of action for tenant harassment is based on Civil Code section

8    1940.2, which pertains to specific violations of a landlord. Civil Code section 1940.2(a) makes

9    clear at the outset that "[i]t is unlawful *for a landlord* to do any of the following for the purpose

10   of influencing a tenant to vacate a dwelling…" (Emphasis added.)

11   Plaintiff's eleventh cause of action for wrongful eviction is based on Civil Code section

12   789.3(b), which specifies prohibited activities of a landlord. Section 789.3(b) states at the

13   outset:

14

15          In addition, *a landlord shall not*, with intent to terminate the occupancy
             under any lease or other tenancy or estate at will, however created, of property
             used by a tenant as his or her residence, willfully…" (Emphasis added.)
16

17   Plaintiffs entered into a written lease with the property owner, not defendants Intero and

18   Mr. Moskowitz. (Complaint, ¶25.) The moving defendants were not in privity of contract with

19   the plaintiffs. Accordingly, Intero and Mr. Moskowitz did not have any rights or obligations

20   under the agreement between Ms. Ray and plaintiffs. Plaintiffs admit that the security deposit

21   was demanded by Ms. Ray and not Intero or Mr. Moskowitz. (Complaint, ¶ 120.) They further

22   admit that defendants Intero and Mr. Moskowitz were real estate agents, not the landlord of the

23   subject premises. (Complaint, ¶¶ 8-9.) Accordingly, the seventh through eleventh causes of

24   action as pled do not give rise to a single cognizable legal theory against the moving

25   defendants.

26

27          **F.  Plaintiffs Fail to Sufficiently Plead the Thirteenth Cause of Action for
                  Violations of the Unfair Competition Act**

28   California Business and Professions Code section 17200 defines unfair competition as

any unlawful, unfair or fraudulent business act or practice. Plaintiffs' allege the thirteenth cause of action for Violations of the Unfair Competition Act against defendants Intero and Mr. Moskowitz on the basis these defendants induced Ms. Ray to breach her lease agreement with plaintiffs. (Complaint, ¶ 142(G).) But the facts pled in the Complaint support a contrary assertion. Plaintiffs specifically allege Mr. Moskowitz:

- was involved with the subject premises for purposes of selling the property (Complaint, ¶ 8 and ¶ 36);
- contacted plaintiffs' caseworker at Catholic Charities to discuss a new living arrangement for plaintiffs due to the sale of the property (Complaint, ¶ 44);
- worked with plaintiffs and their attorneys to reach a resolution regarding tenancy issues between plaintiffs and Ms. Ray  (Complaint, ¶¶ 52-54); and
- was not present at the subject property when plaintiffs were unable to obtain their possessions with a sheriff deputy.  (Complaint, ¶ 60.)

The facts pled do not support the minimum requirements of FRCP Rule 8(a)(2) requiring a short statement showing a claim for relief. Additionally, the facts support the opposite of plaintiffs' allegations of unfair competition. Accordingly, the claim is not plausible on its face and must be dismissed.

### G.  Plaintiffs Fail to Sufficiently Plead The Fourteenth Cause of Action for Intentional Infliction of Emotional Distress

An intentional infliction of emotional distress claim requires allegations of: (1) outrageous conduct by the defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional suffering; and (4) actual and proximate causation. *Bikkina v. Mahadevan* (2015) 241 Cal.App.4th 70, 87, citing *Agarwal v. Johnson* (1979) 25 Cal.3d 932, 946, disapproved on other grounds in *White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 574. The Complaint fails to allege any outrageous conduct or intent on the part of defendants Inter and Mr. Moskowitz.

Plaintiffs allege all defendants knew plaintiffs were under "extreme stress" and were homeless, and intentionally failed to provide a habitable premises, threatened evictions, raised rents, actually evicted plaintiffs, and mistreated plaintiffs. (Complaint, ¶ 148 and ¶ 149.) A

1 number of facts pled do not support such conclusory statements as to Intero and Mr.

2 Moskowitz, including:

3 • Intero and Mr. Moskowitz did not own the premises; (Complaint, ¶¶ 6-7);

4 • Intero and Mr. Moskowtiz were tasked with selling, not leasing the premises;

5 (Complaint, ¶¶ 8-9);

6 • Intero and Mr. Moskowitz were not parties to the lease, thus had no rights or obligations

7 regarding rent, eviction and habitability; (Complaint, ¶25.)

8 • Intero and Mr. Moskowitz became involved with the premises after the subject lease

9 was signed. (Complaint, ¶25, ¶36.)

10 The facts pled are fatal to the Intentional Infliction of Emotional Distress claim against

11 Intero and Mr. Moskowitz. Accordingly, the fourteenth cause of action must be dismissed.

12

13 **H. Plaintiffs Fail to Sufficiently Plead the Fifteenth Cause of Action for Intentional Misrepresentation (Fraud)**

14 Fraud claims require factual allegations that (1) defendant made a misrepresentation to

15 plaintiff; (2) defendant knew the representation was false; (3) defendant intended to induce

16 plaintiff to rely on the misrepresentation; (4) plaintiff justifiably relied on the

17 misrepresentation; and (5) plaintiff suffered damages. *Patera v. Citibank, N.A.*, 79 F. Supp. 3d

18 1074, 1084 (N.D. Cal. 2015), citing *Lovejoy v. AT&T Corp.*, 92 Cal.App.4th 85, 93. FRCP

19 Rule 9(b) requires fraud to be plead with particularity. The Ninth Circuit has required

20 allegations of fraud to include the "who, what, when, where, and how of the misconduct

21 charged." *Id.* at 1085, citing *Kearns v. Ford Motor Co.*, 567 F. 3d 1120, 1124 (9th Cir. 2009).

22 Plaintiffs have only generally alleged that Mr. Moskowtiz conspired with Ms. Ray to

23 defraud plaintiffs of the benefits of their one year lease. The vague allegations suggest

24 defendants displaced plaintiffs, prevented them from staying on the premises and failed to pay

25 them any proceeds of the sale (Complaint, ¶¶155-156.) At most, the facts pled allege

26 defendants Intero and Mr. Moskowitz's sole intent was to sell the subject premises, not

27 conspire to defraud. Specifically, the following factual allegations are fatal to the intent

28 element:

1    • Intero and Mr. Moskowtiz became involved with the subject premises for purposes of
2       selling it; (Complaint, ¶¶ 8-9, ¶ 36);
3    • Mr. Moskowitz made Ms. Ray's intentions to sell the property known to Mr. Fung;
4       (Complaint, ¶¶ 41-42.)
5    • Mr. Moskowitz made Ms. Ray's intention to sell the premises known to plaintiffs'
6       attorney.  (Complaint, ¶ 49.)
7         Plaintiffs also fail to plead with particularity how Intero and Mr. Moskowitz defrauded
8    plaintiffs out of any money or possessions.  The Complaint makes clear that Intero and Mr.
9    Moskowitz did not own the subject premises, so they had no authority over the lease or
10   plaintiffs' possessions.  (Complaint, ¶¶ 6-9).  Accordingly, the intentional misrepresentation
11   (fraud) cause of action must be dismissed as to the moving defendants as it lacks the specificity
12   required by FRCP 9(b).

13
     **I.  Plaintiffs Fail to Sufficiently Plead the Seventeenth Cause of Action for**
14      **Negligence**
15        Negligence requires allegations of: (1) a legal duty to use due care; (2) a breach of that
16   legal duty; and (3) the breach was the proximate cause of plaintiff's injuries.  *Warren v.*
17   *Marcus*, 78 F. Supp. 3d 1228, 1251 (N.D. Cal. 2015), citing *Knapps v. City of Oakland*, 647 F.
18   Supp. 2d 1129, 1164 (N.D. Cal. 2009), citing *Ladd v. County of San Mateo*, (1996) 12 Cal.4th
19   913, 917.
20        The factual allegations do not amount to pleading a legal duty of care for defendants
21   Intero and Mr. Moskowitz.  Plaintiffs' Complaint simply concludes that all defendants owed
22   plaintiffs a duty of care with respect to the rental obligations of the subject premises.
23   (Complaint, ¶¶ 171-172.)  None of these allegations pertain to the moving defendants, who are
24   identified in the Complaint as not being responsible for the subject lease.  Intero and Mr.
25   Moskowitz were not involved in the execution of the lease.  (Complaint, ¶ 25.)  Mr. Moskowitz
26   was hired by Ms. Ray to sell the property.  (Complaint, ¶ 36.)  The moving defendants owed no
27   duties or obligations to plaintiffs.
28        Any duty that Intero and Mr. Moskowitz owed were to Ms. Ray, who was using the

1   moving defendants' services for the sole purpose of selling the property.  Accordingly, the

2   moving defendants did not have any duty to the plaintiffs that they could have breached.

3

### J.  Plaintiffs Fail to Sufficiently Plead the Eighteenth Cause of Action for Negligent Infliction of Emotional Distress

4

5           Plaintiff's fail to properly allege a claim for negligent infliction of emotional distress for

6   the same reasons they fail to allege a negligence claim against the moving defendants.  The

7   California Supreme Court has made clear that this tort is a form of negligence, requiring

8   pleading the same elements of duty, breach, causation and damages.  *Huggins v. Longs Drug*

9   *Stores California, Inc.* (1993) 6 Cal.4th 124, 129, citing *Marlene F. v. Affiliated Psychiatric*

10  *Medical Clinic, Inc.* (1989) 48 Cal.3d 583, 588.

11          Like the negligence allegations, plaintiffs' allegations for this cause of action pertain to

12  the lease and ownership obligations of the subject premises.  (Complaint, ¶176).  As discussed,

13  the Complaint alleges the moving defendants were not parties to the lease and did not own the

14  property.  Accordingly, this cause of action fails with plaintiffs' failure to property plead a duty

15  the moving defendants allegedly owed and breached.

16

### K.  Plaintiffs Fail to Sufficiently Plead the Nineteenth Cause of Action for Conversion

17

18          A conversion cause of action requires allegations of: (1) the plaintiff's ownership or

19  right of possession of the property; (2) the defendant's conversion by a wrongful act or

20  disposition or property rights; and (3) damages.  *Lee v. Hanley* (2015) 61 Cal.4th 1225, 1240,

21  citing *Welco Electronics, Inc. v. Mora* (2014) 223 Cal.App.4th 202, 208.

22          The claims pled in the Complaint fail to allege defendants Intero and Mr. Moskowitz

23  had any ability to convert or dispose of plaintiffs' right to the subject premises.  As indicated in

24  the Complaint, the moving defendants had no rights under the lease between the plaintiffs and

25  Ms. Ray. (Complaint, ¶ 25.)  Plaintiffs allege that Mr. Moskowitz was not even present on the

26  day they attempted to recover their possessions.  (Complaint, ¶ 60.)  Accordingly, there is no

27  factual allegation of wrongful acts or disposition of the plaintiffs' rights or property on the part

28  of the moving defendants.

1    IV.    **CONCLUSION**

2         Based on the foregoing, each of the seventeen causes of action alleged against

3    defendants' Intero and Mr. Moskowitz must be dismissed pursuant to FRCP Rule 12(b)(6).

4
     Dated:  December 14 , 2015              DILLINGHAM & MURPHY, LLP
5                                            DENNIS J. KELLY, ESQ.
                                             DAVID P. ARMANINI, ESQ.
6

7                                    By:  *David P. Armanini*
                                         _____
8                                            Attorneys for Defendants
                                             INTERO REAL ESTATE SERVICES, INC.
9                                            and DANIEL MOSKOWITZ

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28