UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN FUNG, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PATRICE JOHNSON RAY, et al.,<br><br>　　　　　Defendants. | Case No.  15-cv-04871-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS FILED BY DEFENDANTS MOSKOWITZ AND INTERO WITH LEAVE TO AMEND**<br><br>[Re:  ECF 12] |

　　　　For the reasons stated on the record at the hearing on March 24, 2016 and summarized herein, the motion to dismiss filed by Defendants Daniel Moskowitz and Intero Real Estate Services, Inc. is GRANTED WITH LEAVE TO AMEND.

　　　　This action arises out of a landlord's alleged abusive treatment of and, ultimately, eviction of two tenants suffering from serious mental health issues despite accepting their rent payments. After being homeless for several years, Plaintiffs John Fung and Lynette Mason entered into a one-year written lease for a single family home through the assistance of the Catholic Charities of Santa Clara County and a Section 8 housing subsidy program.  Plaintiffs allege that although they had leased the entire premises, the property owner – Defendant Patrice Johnson Ray – permitted Plaintiffs access only to the garage while continuing to reside in the house itself.  Ray also listed the property for sale through Defendant Daniel Moskowitz, a real estate agent with Defendant Intero Real Estate Service, Inc.  Plaintiffs allege that Moskowitz discriminated against and conspired to discriminate against Plaintiffs on the basis of their mental health issues, and acted as Ray's agent with respect to tenancy negotiations between Ray and Plaintiffs.  Plaintiffs assert nineteen claims against Ray, Moskowitz, and Intero under federal and state law.

Moskowitz and Intero move to dismiss the complaint under Federal Rule of Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. As it observed at the hearing, the Court is not persuaded by moving parties' arguments that this case is solely a landlord-tenant dispute and that Moskowitz and Intero cannot be held liable for any of the alleged conduct. However, the Court concludes that Plaintiffs have not pled with sufficient particularity what facts give rise to liability against Moskowitz and Intero on each claim alleged against them. While a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it "should 'fully set forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery,'" *Salazar v. Cnty. of Orange*, No. 12-56545, 564 Fed. Appx. 322, 322 (9th Cir. Mar. 18, 2014) (quoting *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996)) (alteration omitted). While the complaint's background section contains specific allegations regarding each defendant's conduct, the claims themselves are devoid of such allegations, leaving the Court to guess which factual allegations Plaintiffs intend to support which claims. This deficiency is exacerbated by Plaintiffs' inclusion of Moskowitz and Intero as defendants to claims that clearly may be brought only against the landlord, Ray.

Accordingly, the motion to dismiss is GRANTED WITH LEAVE TO AMEND as to all claims set forth in the complaint. Plaintiffs shall file any amended pleading on or before April 15, 2016. Leave to amend is limited to the claims alleged in the original complaint; Plaintiffs may not add claims or parties without express leave of the Court.

**IT IS SO ORDERED.**

Dated: March 24, 2016

_____
BETH LABSON FREEMAN
United States District Judge